

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 17, 1976

The Honorable Mark White
Secretary of State
State Capitol
Austin, Texas    78711

The Honorable M. L. Brockette
Commissioner
Texas Education Agency
201 East 11th Street
Austin, Texas  78701

Opinion No. H-864

Re:  Whether article
14.03a, Election Code,
imposing campaign spending
limits on candidates for
public office, is uncon-
stitutional in light of
the United States Supreme
Court decision in Buckley
v. Valeo, 96 S. Ct. 612
(1976).

Dear Sirs:

Secretary White has requested our opinion regarding the
constitutionality of article 14.03a of the Election Code in
the light of the United States Supreme Court's recent
decision in Buckley v. Valeo, 96 S. Ct. 612 (1976).  Article
14.03a provides:

> (a) Subject to Subsection (c) of this
> section, no candidate in an election for
> a statewide office of the state government
> may make campaign expenditures in excess
> of the applicable limit, as follows:
>       (1) in a general primary election,
>       10 cents multiplied by the voting-
>       age population of the state;
>       (2) in a runoff primary election,
>       4 cents multiplied by the voting-
>       age population of the state;
>       (3) in a general election, 10 cents
>       multiplied by the voting-age popula-
>       tion of the state.

. . . .

(d) For the purpose of calculating the spending limits of this section and except as otherwise provided in Subsection (f), any amount spent by a candidate, his campaign treasurer, or assistant campaign treasurer, or any amount spent on behalf of a candidate by a political committee or political action committee which is supporting the candidate, is deemed to have been spent by the candidate. For the purposes of this section, a contribution which a political committee makes to a candidate is not an expenditure on behalf of the candidate.

(e) The campaign treasurer of a political committee or political action commmittee which is supporting a candidate may not make expenditures on behalf of the candidate in excess of a limit fixed by the candidate or his campaign treasurer in a signed statement furnished to the campaign treasurer of the political committee or political action committee before he incurs any such expenditure.  The candidate or his campaign treasurer may change the limit at any time before the election if the expenditures incurred by the committee at the time of the change do not exceed the limit previously set for the committee.  On each statement that a candidate files under Section 244 of this code, as amended, the candidate shall list the expenditure limit that he or his campaign treasurer has set for each political committee supporting him with respect to the election to which the statement relates.  Where a political committee makes an expenditure on behalf of more than one candidate, the entire amount is charged to each candidate's expenditure limit.

(f) Expenditures made by an executive committee of a political party or by any other political committee on behalf of the nominees of a political party in a general election without identifying individual candidates are not chargeable to the expenditure limits of the individual candidates.

(g) All civil and criminal penalties stated in this chapter for making an unlawful campaign expenditure apply to expenditures which are in excess of the amount permitted by this section.  A candidate is liable for expenditures made by him, his campaign treasurer, or assistant campaign treasurer, in excess of the difference between the candidate's expenditure limit for the election and the aggregate of the limits that the candidate or his campaign treasurer has fixed for political committees that are supporting him in the election.  The campaign treasurer of a political committee is liable for expenditures in excess of the limit that the candidate or his campaign treasurer has fixed for the committee in the election.

Commissioner Brockette asks the same question with respect to section 11.22(d), Texas Education Code, which provides:

The total amount authorized to be expended furthering or opposing the candidacy of any person for membership on the State Board of Education shall not exceed $1,500.

In Buckley, the Supreme Court held, inter alia, that, while certain campaign spending limitations were permissible, section 608(c) of the Federal Election Campaign Act of 1971 was an invalid infringement upon the right of free expression guaranteed by the First Amendment to the United States Constitution.  Section 608(c), like section (a) of article 14.03a and subsection (d) of section 11.22, placed mandatory limitations on overall campaign expenditures by a candidate.  The Supreme Court declared:

No governmental interest that has been suggested is sufficient to justify the restriction on the quantity of political expression imposed by 608(c)'s campaign expenditure limitations.  Buckley, supra at 652.

Since the First Amendment is applicable to the states through the Fourteenth Amendment, it is clear that the campaign expenditure limitations of article 14.03a of the Election Code and section 11.22(d) of the Education Code constitute, by

virtue of the Buckley decision, an impermissible burden upon the right of free expression and are, therefore, unconstitutional. Palko v. Connecticut, 302 U.S. 319, 326-27 (1937); Fiske v. Kansas, 274 U.S. 380 (1927); Citizens for Jobs and Energy v. Fair Political Practices Commission, 129 Cal. Rptr. 106 (Cal. 1976); Advisory Opinion on Constitutionality of 1975 PA 227, 242 N.W.2d 3 (Mich. 1976).

Another significant provision of article 14.03a is section (e), which prohibits a political committee supporting a candidate from making any expenditure "on behalf of the candidate in excess of a limit fixed by the candidate or his campaign treasurer in a signed statement . . . ." The obvious purpose of this provision is to permit the candidate to coordinate his expenditures for purposes of the campaign expenditure limitations of section (a). Since section (a) is invalid, it may be doubted whether section (e) continues to serve any purpose or whether any candidate would, at present, choose to avail himself of its provisions. Nevertheless, it must be examined as an independent prohibition to determine whether it remains viable under Buckley.

The Supreme Court in Buckley held unconstitutional section 608(e)(1) of the Federal Election Campaign Act, which mandated a limit of $1,000 per year on the expenditures which any person may make "relative to a clearly identified candidate." The Court was careful to distinguish section 608(e)(1)'s prohibition from the statute's limitation of campaign contributions, which it approved. The proscription of section 608(e)(1) was held to encompass only those "costs incurred without the request or consent of the candidate or his agent." Buckley, supra at 648 n. 53. Such a ceiling on costs incurred, the Court reasoned, "fails to serve any substantial governmental interest in stemming the reality or appearance of corruption in the electoral process, [and] it heavily burdens core First Amendment expression." Buckley, supra at 648. As a result, it too was found to be unconstitutional.

The expenditures which section (e) of article 14.03a permits a candidate to inhibit would normally be "costs incurred without the request or consent of the candidate or his agent." As a result, it is our opinion that the expenditure limitation of section (e) imposes an unconstitutional burden upon free expression and is thus void under the First Amendment.

The Honorable Mark White
The Honorable M. L. Brockette - page 5 (H-864)

.

### S U M M A R Y

Article 14.03a, Texas Election Code, and section 11.22(d), Texas Education Code, are unconstitutional in the light of the United States Supreme Court's decision in Buckley v. Valeo, 96 S. Ct. 612 (1976).

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
*Opinion Committee*

jwb